### ARTHUR LEACH v. THE STATE.

#### No. 2623.  Decided February 25, 1903.

**Disinterring a Human Body—Information.**

An information or indictment brought under article 367, Penal Code, for unlawfully disinterring a human body, is fatally defective which does not specify or designate the dead body by the name by which it was known, or allege sufficient reason for failing to do so.

Appeal from the County Court of Stephens. Tried below before Hon. W. C. Veale, County Judge.

Appeal from a conviction of unlawfully disinterring a human body; penalty, a fine of $50.

This is a companion case to Williamson v. State, ante, p. 520.

The opinion sets out the charging parts of the information.

*W. P. Sebastian* and *Calhoun & Webb,* for appellant.—In a prosecution for wrongfully disinterring a corpse under article 367 of the Penal Code of Texas, the indictment or information should state the name of the person whose human body was disinterred, or otherwise describe the same, or state that it was unknown, and should also give the name of the person authorized to consent to such disinterment.

The information fails to give the name or otherwise describe the body or the person whose body was disinterred, or to state that it could not be given, or to state the name of any person whose consent should have been given to render such disinterment lawful. Code Crim. Proc., art. 441; Stockton v. State, 25 Texas, 772.

As showing that the indictment should contain the name of the deceased, we cite McNamee v. People, 31 Mich., 473; State v. Little, 1 Vt., 331.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under article 367, Penal Code, which is as follows: "If any person not authorized by law or .by a relative or friend for the purpose of reinterment, shall disinter, remove, or carry away any human body, or the remains thereof, or shall conceal the same, knowing it to be so illegally disinterred, he shall be punished by fine not exceeding two thousand dollars." Omitting formal parts, the information charges that appellant "did disinter, remove, and carry away a human body, and the remains thereof, from the place where the same had been buried, to wit, Battle Creek graveyard, in said county, the said Arthur Leach then and there not being authorized by law, nor by any relative or friend of said deceased, to disinter, to remove, and carry away said human body and remains for the purpose of reinterment." And in the second count that he "did disinter, remove, and carry away a human head, the same being cut off the body, from the place where the same had been buried, to wit, from the Battle Creek graveyard, in said county, the said Arthur Leach then and there not being authorized by law, nor by any relative or friend of said deceased, to disinter, remove, and carry away said human head for the purpose of reinterment." This information is attacked as being insufficient in several respects, one of which, we think, is fatal, to wit, it fails to specify whose body was removed; nor is there any reason given in the information why the name was not specified, or the remains named and identified. The dead body should be specified or designated by the name by which it was known, in order to identify the transaction, and point out the particular offense with which accused is charged; and, if this can not be done, then sufficient reason should be alleged in the pleading for the failure to so specify. The information upon this ground is clearly insufficient.

The judgment is reversed and the prosecution ordered dismissed.

*Reversed and dismissed.*